DA 07-0687

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 320N

ENERGY PARTNERS OF MONTANA, LLC,

        Petitioner and Appellant,

  v.

THE MONTANA DEPARTMENT OF NATURAL
RESOURCES AND CONSERVATION,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2007-25
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Wilmer E. Windham, Attorney at Law; Polson, Montana

       For Appellee:

       Hon. Mike McGrath, Montana Attorney General; Tommy H. Butler,
Special Assistant Attorney General, Montana DNRC; Helena, Montana

Submitted on Briefs:  August 6, 2008

Decided:  September 16, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Energy Partners of Montana, LLC ("Energy Partners"), obtained sixteen oil and gas leases from the State of Montana through a lease sale held by the Department of Natural Resources and Conservation ("DNRC").  Paragraph 1 of the leases provided an effective date of September 7, 2005.  According to Paragraph 5 of the leases, rental payments for subsequent years were due *before* the beginning of the next lease year.  Paragraph 5 also stated that the leases would terminate "unless there [was] a well currently being drilled, a producing well, or a shut-in well approved by the [DNRC] . . . ."  A cover letter sent by the DNRC stated:

> Please note the *automatic lease termination provisions* (5, RENTAL) of your leases.  Annual advance rental payments must be postmarked on or before the *September 7 effective date*.  If you have any questions, please contact me at (406) 444-4576.  [Emphasis added.]

¶3    Energy Partners failed to pay annual rentals on or before September 7, 2006.  DNRC held an administrative hearing to determine whether the leases automatically terminated when Energy Partners failed to pay annual rentals by that date.  At the hearing, the DNRC found that the leases took effect on September 7, 2005; that Energy

Partners failed to make payment on or before September 7, 2006; that there were no producing wells, wells currently being drilled or shut-in wells approved by the DNRC; and that, as a result, the leases automatically terminated as of September 7, 2006. Energy Partners appealed the DNRC's ruling. Following cross-motions for summary judgment, the District Court affirmed the DNRC's ruling and granted summary judgment in favor of the DNRC.

¶4 On appeal, Energy Partners apparently argues that it should have received notification that the leases were about to automatically terminate and further, that it should have had an opportunity to make late rental payments pursuant to Paragraph 31 [Cancellation] of the leases and § 77-3-440, MCA. However, this Court has previously stated that notice is not required with respect to the automatic termination of leases and that an "unless" lease automatically terminates "if the lessee fails to commence drilling, pay delay rentals, or comply with the other obligations in the habendum clause." *Christian v. A.A. Oil Corp.*, 161 Mont. 420, 426, 506 P.2d 1369, 1372 (1973). The plain language of the leases, demonstrated by Paragraph 5, establishes that the sixteen leases held by Energy Partners were "unless" leases that automatically terminated when Energy Partners failed to pay timely rentals or demonstrate that it had either drilled a well or developed the resources pursuant to § 77-3-423, MCA (providing for automatic termination of oil and gas leases upon a lessee's failure to pay annual rentals). Further, we stated that "[i]t has long been the dominant rule in Montana (and other producing states) that time is of the essence in oil and gas leases, and failure to pay rentals on time results in immediate and automatic termination of the lease." *Sandtana, Inc. v. Wallin*

*Ranch Co.*, 2003 MT 329, ¶ 45, 318 Mont. 369, ¶ 45, 80 P.3d 1224, ¶ 45. In this case, the District Court and the DNRC correctly concluded that the express terms of the leases, together with § 77-3-423, MCA, resulted in the automatic termination of the leases on September 7, 2006.

¶5 Energy Partners also contends that § 77-3-423, MCA, should be harmonized with § 77-3-440(4), MCA (providing notice and opportunity to cure defaults in obligations), apparently arguing that § 77-3-440, MCA, requires the DNRC to give Energy Partners notice of the automatic termination and an opportunity to make late rental payments. However, we have already noted above that neither the terms of the leases nor settled Montana law required the DNRC to do so and that the leases automatically terminated by operation of law when Energy Partners failed to pay annual rentals by September 7, 2006.

¶6 Finally, we do not find Energy Partners' argument that it was deprived of its due process rights persuasive. Energy Partners was asked whether it disagreed with the status of the leases following the automatic termination and was granted a hearing before the DNRC to demonstrate that it had either paid annual rentals or that there was a producing well, a well currently being drilled, or a shut-in well approved by the DNRC. The DNRC and District Court correctly concluded that Energy Partners failed to establish any of these exceptions to automatic termination of the leases.

¶7 Energy Partners urges us to consider six additional issues raised for the first time on appeal to this Court. However, we cannot address issues raised for the first time on appeal where those issues could have been raised before the administrative agency, in this case, the DNRC. Section 2-4-702(1)(b), MCA. Since Energy Partners failed to raise

4

these issues before the DNRC at the administrative hearing on December 4, 2006, we do not address them here.

¶8     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  The District Court and the DNRC correctly ruled that the sixteen oil and gas leases held by Energy Partners terminated by operation of law upon Energy Partners' failure to timely pay annual rentals.  Further, both the District Court and the DNRC correctly ruled that neither Section 31 of the leases nor § 77-3-440, MCA, apply to instances where leases automatically terminate for failure to pay annual rentals.  Finally, Energy Partners' due process rights were not violated by the DNRC.

/S/ W. WILLIAM LEAPHART


We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS